UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL HENRI MARIE HARLEMAN,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>WARDEN, FEDERAL DETENTION CENTER SEATAC,<br><br>　　　　　　　　　Respondent. | CASE NO. 2:24-cv-00926-BJR-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 6, 2024 |

Petitioner Paul Henri Marie Harleman is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons ("BOP") failed to properly apply his earned First Step Act ("FSA") time credits to his sentence and early release. Dkt. 3. Upon consideration of the relevant record, the undersigned concludes Petitioner's claim is unripe and recommends his petition (Dkt. 3) and this action be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## I.  Background

Petitioner is currently serving a 64 months' sentence of confinement to be followed by a 3-year term of supervision for federal wire fraud and money laundering offenses entered in *United States of America v. Paul Henri Marie Harleman*, No. 1:21-cr-00128-DKW (D. Haw. judgment entered Jan. 18, 2023).

Upon his arrest on April 23, 2021, Petitioner was housed as a pretrial detainee at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"). Dkts. 8, 8-1; *Harleman*, 1:21-cr-00128-DKW at Dkts. 4, 81. After he was sentenced on January 17, 2023, Petitioner remained at FDC Honolulu in a holdover status for approximately seven months as he awaited designation to the BOP facility where he would serve his federal sentence. Dkts. 8, 8-1. Petitioner was eventually designated to FDC SeaTac and transferred to that facility on July 19, 2023. *Id.*

Petitioner filed the instant action on June 24, 2024, alleging that the BOP failed to apply the FSA time credits Petitioner allegedly earned while on holdover status at FDC Honolulu to his sentence and early release. Dkts. 1, 3. Shortly after Petitioner paid the filing fee, the Court directed Respondent file a return showing cause why the Petition should not be granted. Dkt. 4. Respondent filed their return on July 24, 2024. Dkt. 7. Petitioner filed a response in opposition to the return, and Respondent filed a reply in support. Dkts. 10, 13. As such, this matter is fully briefed and ready for consideration.

## II.  Discussion

Petitioner's sole ground for habeas relief is that the BOP erred in calculating the total amount of earned credits that may be applied to his early release under the FSA. Dkt. 3 at 5. Petitioner argues the BOP failed to apply FSA time credits he allegedly earned while on holdover status at FDC Honolulu from January 2023 until July 2023. *Id.* Respondent argues the

1  Court should dismiss the petition because Petitioner is not yet eligible to apply any earned FSA
2  time credits to early release, making his sole ground for relief unripe for adjudication. Dkt. 7 at
3  4–5. In the alternative, Respondent argues Petitioner's FSA claim should be denied on the merits
4  because the BOP correctly determined he was not eligible to earn FSA time credits until after he
5  arrived at his designated facility in July 2023. *Id.* at 5–7.

### A. FSA Time Credits

Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA called for the implementation of a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and included a directive to establish evidence-based recidivism reduction programs. 18 U.S.C. § 3632(a)–(b). The FSA also established various incentives for inmates to participate in its anti-recidivism programming. 18 U.S.C. § 3632(d). One such incentive was the awarding of "time credits" to "be applied toward time in prerelease custody or supervised release" upon eligible prisoners' successful completion of anti-recidivism programming. 18 U.S.C. § 3632(d)(4)(C).

There are at least two levels of eligibility for this incentive. A prisoner must first be eligible to earn FSA time credits; those prisoners who are ineligible to earn FSA time credits through recidivism programming are outlined in 18 U.S.C. § 3632(d)(4)(D). Eligible prisoners can earn ten days of FSA time credits for every thirty days of successfully completed anti-recidivism programming. 18 U.S.C. § 3632(d)(4)(A)(i). An additional five days of FSA time credits can be earned for the same programming if (1) the BOP assesses an eligible prisoner's

risk of recidivating as "minimum" or "low" and (2) that prisoner has maintained or decreased their recidivism risk over two consecutive BOP assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

At the second level of eligibility, a prisoner must be eligible to apply their earned credits to early release; the eligibility requirements for applying earned credits are outlined in 18 U.S.C. § 3624(g)(1) and include that the prisoner "has earned time credits under the risk and needs assessment system…in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *Id.* at § 3624 (g)(1)(A). Section 3624 (g)(1)(A)'s eligibility requirement prevents the premature application of credits in the event a prisoner fails to maintain all earned credits, which may be lost through misconduct. *See Milchin v. Warden*, No. 3:22-cv-195-KAD, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (citing 28 C.F.R. §§ 523.43 and 541.3).

As explained below, failure to afford a fully eligible prisoner the benefit of their earned FSA time credits may give rise to habeas relief, but such a claim must be ripe for review.

**B.      Ripeness**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and a claim's ripeness for review is one component of this limited jurisdictional, *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). Whereas other jurisdictional requirements concern whether, where, and by whom a case may be brought, "ripeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original).

The concept of ripeness is best defined in the negative: "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations and citations omitted). When a claim challenges an administrative decision (such as the calculation of early

release under the FSA), the ripeness doctrine prevents "'courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies.'" *Nat'l Park Hosp. Ass'n v. Dept' of Interior*, 538 U.S. 803, 807 (2003) (quoting *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). It also shields "'agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Id.* at 807–08 (quoting *Abbot Labs*, 387 U.S. at 148–49).

When applying ripeness principles to habeas petitions seeking early release for earned FSA time credits, "[f]ederal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough [credits] that equal the remainder of [their] sentence." *Adkins v. Engleman*, No. 22-cv-1988-JLS-MRW, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) (quotation and citation omitted); *Turner v. Heisner*, 22-cv-00178-PHX-JAT, 2022 WL 2195348 at *3 (D. Ariz. May 16, 2022), *report and recommendation adopted*, 2022 WL 2192212 (D. Ariz. June 17, 2022). In other words, a habeas claim alleging the BOP miscalculated FSA time credits is ripe for review only if a favorable disposition of the claim would result in the petitioner's imminent release.

Petitions alleging unripe FSA claims should be dismissed with the right to refile once ripe. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[S]ince Petitioner's FSA credits do not equal the remainder of her sentence, it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time."). Though perhaps inconvenient for litigants, it has been observed that dismissing unripe petitions avoids the issuance of advisory opinions directing the release of a prisoner who may or may not maintain their earned FSA time credits. *See Tran v. Thompson*, No. 2:21-cv-1707, 2022 WL 2672478, at *2 (E.D. Cal. 2022));

REPORT AND RECOMMENDATION - 5

*Patrick v. Heckard*, No. 5:23-cv-00234, 2024 WL 770631, at *4 (S.D.W.Va. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 767179 (S.D.W.Va. Feb. 22, 2024). For this and similar reasons, several courts have noted that dismissing FSA claims filed by petitioners who are not yet eligible to apply earned credits to early release is prudent and supported by "common sense." *Id.*; *Adkins*, 2022 WL 14966123, at *2; *Milchin*, 2022 WL 1658836, at *3.

The record shows that, as of July 17, 2024, Petitioner earned 135 days of FSA time credits, making his projected release July 8, 2025. Dkt. 8-2 (FSA Time Credit Assessment); *see also* Dkt. 8 at 2. And, in their reply filed on August 21, 2024, Respondent states Petitioner's projected release has now been updated to June 23, 2025. Dkt. 13 at 1. The parties largely agree that, if successful in this action, Petitioner's total amount of earned credits would increase by 60 to 70 days. *Compare* Dkt. 7 at 5 fn. 1 (60 days of additional credits) *with* Dkt. 10 at 5, 12 (67 to 70 days of additional credits). Assuming these additional credits are retained until Petitioner is eligible for early release, Respondent calculates Petitioner's earliest possible release date as sometime in April or May 2025. Dkt. 7 at 5; Dkt. 13 at 2. Because these dates are still more than eight months away, Respondent asserts Petitioner's FSA claim is unripe and must be dismissed. *Id.* at 4–5.

Petitioner disagrees and urges the Court to consider the FSA time credits he will earn between now and his projected release. Dkt. 10 at 2, 5. He estimates that, because he is currently earning FSA time credits at a rate of 15 credits per month, his earliest possible release date is actually in February 2025. *Id.* Estimating his early release to be less than six months away, Petitioner asks the Court to resolve his claim now. *Id.* To do what Petitioner asks, the Court would have to give him the benefit of FSA credits he has yet to earn. Petitioner identifies no provision of the FSA that empowers the Court to do this. But even if it could, a favorable

decision issued today (or before the end of this calendar year) would have no impact on Petitioner's current custody status and would require revision if Petitioner failed to earn or retain FSA time credits according to his estimations. This is precisely the sort of premature adjudication based on uncertain events that the ripeness doctrine guards against.

Because his earliest possible release date is still far in the future, Petitioner is not yet eligible to have any earned FSA time credits applied to early release. Therefore, even a favorable disposition of his claim would not result in his imminent release, making his FSA claim unripe.

Having found that Petitioner's sole ground for relief is not yet ripe for adjudication, the undersigned declines to consider the parties' other arguments.

### III.   Conclusion

For the above-stated reasons, the undersigned recommends the petition (Dkt. 3) and this action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 6, 2024, as noted in the caption.

Dated this 22nd day of August, 2024.

David W. Christel
United States Magistrate Judge